IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD NELSON CHANDLER,

        Petitioner,

    v.

BRAD CAIN,

        Respondent.

Case No. 2:23-cv-01369-AN

OPINION AND ORDER

Ronald Nelson Chandler
2193705
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

NELSON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County and Douglas County convictions dated July 13, 2017 and August 22, 2017, respectively. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed on the basis that it is untimely.

## BACKGROUND

In 2017, Petitioner, facing multiple felony charges for sexual abuse in Multnomah County and Douglas County, resolved the pending charges by way of a global plea agreement. *See* Respondent's Exhibits 103 & 121. Petitioner entered guilty pleas to one count of Attempted Sexual Penetration in the First Degree, two counts of Encouraging Child Sexual Abuse in the First Degree, and one count of Sexual Abuse in the First Degree, and the Circuit Courts imposed concurrent and consecutive sentences totaling 180 months in prison. Respondent's Exhibit 101.

Petitioner did not take a direct appeal. Instead, on May 8, 2019, he filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief on his claims. Respondent's Exhibit 126. The Oregon Court of Appeals affirmed that decision without issuing a written opinion and, on May 18, 2023, the Oregon Supreme Court denied review. *Chandler v. Cain,* 324 Or. App. 305, 524 P.3d 143, *rev. denied,* 371 Or. 106, 530 P.3d 487 (2023).

On September 20, 2023, Petitioner signed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.[1] He asserts that his guilty plea was not knowing and voluntary, he was the victim of prosecutorial misconduct, and that he was the victim of ineffective assistance of counsel.

---

[1] A pleading is deemed filed by a *pro se* prisoner on the date he delivered it to prison authorities for mailing to a federal court. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Respondent argues that the Court should dismiss this case because Petitioner failed to file his Petition for Writ of Habeas Corpus within the applicable statute of limitations.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA statute of limitations begins to run after the last date for seeking any further review in state court, not the date the appellate judgment issues. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023). In this case, the latter of Petitioner's two judgments was entered on August 22, 2017. Respondent's Exhibit 101. Oregon law permitted him 30 days in which to file a direct appeal. ORS § 138.071. When he did not do so, his judgments became final no later than September 22, 2017. At that point, the AEDPA's one-year statute of limitations began to run.

3 – OPINION AND ORDER

When Petitioner filed his PCR Petition on May 8, 2019,[2] this tolled the AEDPA's statute of limitations because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, by this time, Petitioner had already allowed 593 untolled days to elapse thereby running afoul of the AEDPA's one-year statute of limitations. He allowed another 111 untolled days to run between the conclusion of his PCR proceedings and the date he signed his federal Petition for Writ of Habeas Corpus. He therefore allowed a total of 704 untolled days to accrue prior to filing his Petition for Writ of Habeas Corpus.

Petitioner does not directly address the timeliness issue. Instead, he argues the merits of his claims and asserts that the Court should conduct an evidentiary hearing to allow him to develop medical evidence to support those claims. In terms of the merits of Petitioner's claims, an evidentiary hearing is not warranted because it would have no bearing on the dispositive issue of timeliness. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing). Even if timeliness were not an issue, evidence introduced in federal court generally has no bearing when reviewing the merits of habeas corpus claims. *See Cullen v. Pinholster,* 563 U.S. 170, 185 (2011); *see also Gulbrandson v. Ryan,* 738 F.3d 976, 993-94 (9th Cir. 2013), *cert. denied*, 134 S.Ct. 2823 (2014).

---

[2] Because the State of Oregon does not follow the "prison mailbox rule," the filing date of the PCR Petition is the actual date of filing, not the date Petitioner signed the pleading. *See Baldeagle v. Lampert,* 185 Or. App. 326, 330-32, 59 P.3d 545 (2002).

Petitioner also appears to contend that an evidentiary hearing could help him establish that he has been the victim of a miscarriage of justice such that he can demonstrate his actual innocence as to his conviction for Sexual Abuse in the First Degree. He suggests that if he were allowed to review the victim's medical records, they might show an absence of physical injury that could cause one to conclude Petitioner did not physically abuse her as she alleged.

Petitioner can overcome his untimely filing if he is able to make a gateway showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to do so, however, Petitioner must present new evidence of his innocence so strong that no reasonable juror would have voted to convict him had that evidence been presented at trial in conjunction with the evidence of his guilt. *Schlup v. Delo,* 513 U.S. 298 (1995). Petitioner has not presented any new evidence of this kind. His assertion about the possible absence of physical injuries within the victim's medical evaluations is speculative, and speculation is not a sufficient basis to conduct an evidentiary hearing. *See Morris v. California,* 966 F.2d 448, 455-56 (9th Cir. 1991).

Even if Petitioner had presented new evidence in the form of the victim's medical records in this case, and further assuming those records did not show physical injuries from sexual abuse, the result of the case would not be different given the totality of the record. Petitioner entered his guilty pleas in open court in two jurisdictions. "Petitioner's statements at the plea colloquy[ies] carry a strong presumption of truth," *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012), and they also present a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In addition, on August 18, 2016, he admitted to sexually abusing the victim during a recorded pretext call with her that the police initiated and recorded. Respondent's Exhibit 115, p. 3. Later that same day, Petitioner admitted to police officers that he had sexually

5 – OPINION AND ORDER

molested the victim.[3] *Id*. at 4. In light of these repeated admissions of guilt, any new evidence showing that the victim's medical file did not reflect physical injuries would not be so compelling that no reasonable juror would have voted to convict him of sexually abusing the victim.

## CONCLUSION

For the reasons identified above, Petitioner's request for an evidentiary hearing is denied, and his Petition for Writ of Habeas Corpus (#1) is dismissed with prejudice because it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

12/12/2024
DATE

Adrienne Nelson
United States District Judge

---

[3] He also admitted to possessing child pornography during both the pretext call and during his interview by the police. He further agreed that he had offered the victim money to have sex with him when she was 15 years old, but told the police he had been joking. Respondent's Exhibit 115, pp. 3-4.